UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

KATHLEEN L. LANDBERG,

        Debtor,
_____

TERRENCE J. DONAHUE,

        Appellant,

    v.

RONALD C. LANDBERG, SR.,

        Respondent.

Case No. C06-5393RJB

ORDER AFFIRMING
BANKRUPTCY COURT
RULING

This matter comes before the court on appeal by Ronald C. Landberg, Sr. of a Bankruptcy Court order. The court has reviewed the relevant documents and the remainder of the file herein.

PROCEDURAL AND FACTUAL HISTORY

Kathleen Landberg ("Debtor") filed a petition for relief under Chapter 14 of the Bankruptcy Code on May 28, 2002. The proceeding was converted to Chapter 7 on February 23, 2004. Terrence Donahue was subsequently appointed to serve as the Chapter 7 trustee ("Trustee"). Mr. Landberg, the brother of Debtor, filed a proof of claim in the bankruptcy proceeding. His claim was disallowed in its entirety, provided that if there were sufficient funds to pay the costs of administration and all timely filed claims, his late filed claim would be paid as a late filed claim. Dkt. 96 of Bankruptcy Proceedings. Mr. Landberg did

ORDER
Page - 1

not appeal that decision. Dkt. 14 at 7-8.

In disposing of Debtor's assets, Trustee and Mr. Landberg entered negotiations concerning the sale of real property in Vaughn, Washington. Dkt. 14 at 5. After Mr. Landberg submitted his initial offer to Trustee, Trustee rejected the offer and responded with a counteroffer. *Id.* at 5-6. Upon advice of his attorney, Mr. Landberg rejected the counteroffer. *Id.* at 6. Trustee subsequently sold the property to another party. That sale was approved by the Bankruptcy court on April 11, 2005. *In re: Kathleen L. Landberg*, No. 02-45306-PHB, Dkt. 113. The court's order was not appealed.

On December 6, 2005, Trustee brought an action in Bankruptcy Court to determine Mr. Landberg's interest in the Vaughn property as well as to quiet the title to the property. *Donahue et al v. Landberg*, 05-04244-PHB, Dkt. 1.

On March 14, 2006, Trustee filed a motion for summary judgment arguing that no material issues of fact existed and requesting that the court quiet the title to the Vaughn property as well as enter an order confirming that Mr. Landberg had no interest in the Vaughn property. *Donahue et al v. Landberg*, 05-04244, Dkt. 21. On May 12, 2006 the Bankruptcy Court partially granted Trustee's motion for summary judgment, quieting title the Vaughn property and granted a continuance in regard to the other claims. *Donahue et al v. Landberg*, 05-04244, Dkt. 69. On June 12, 2006, the Bankruptcy Court granted Trustee's Motion for Summary Judgment on all issues. *Donahue et al v. Landberg*, 05-04244, Dkt. 90. On June 22, 2006 Mr. Landberg filed the present appeal of the summary judgment order. Dkt. 1. On July 24, 2006, an amended judgment was entered in the case. *Donahue et al v. Landberg*, 05-04244, Dkt. 112.

After several motions for extension of time to file his brief, the Court accepted Mr. Landberg's late brief and noted that "no further delay will be permitted by this court." Dkt. 22. Mr. Landberg filed his brief on January 25, 006. Dkt. 21-2. Trustee submitted a responsive brief on February 13, 2006. Dkt. 23. Mr. Landberg has failed to file a reply brief. Any untimely filing of a reply brief will not be considered by this court.

## STANDARD OF REVIEW

In reviewing a decision of the Bankruptcy Court, the district court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard, and the conclusions of law, *de novo*. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990). As a conclusion of law, summary judgment is reviewed

*de novo*. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

LEGAL STANDARD

Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure, provides that summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

DISCUSSION

In his brief, Mr. Landberg argues that the Bankruptcy court made five errors. Each issue is

discussed below.

**1.     Summary Judgment**

In granting summary judgment in favor of Trustee, the Bankruptcy Court found as follows: (a) Mr. Landberg did not have any interest in the Vaughn property; and (b) the title to the Vaughn property should be quieted.  Mr. Landberg asserted that he had a contract to purchase the real property.  On appeal, Mr. Landberg argues that material issues of fact remain concerning both holdings and therefore summary judgment was improper.  Trustee argues that the parties never entered into a contract.  The trustee further argues that since Mr. Landberg did not appeal the order approving the sale of the Vaughn property, he did not have standing to contest quieting the title of the Vaughn property.

**a.     Existence of Contract**

For a contract to exist under Washington law there must be a mutual assent to the terms of the agreement.  *McEachern v. Sherwood & Roberts, Inc.*, 36 Wash.App. 576, 579 (1984).  Mutual assent typically takes the form of a traditional offer and acceptance.  *Pacific Cascade Corp. v. Nimmer*, 25 Wash.App. 552, 556 (1980). The burden of proving a contract, whether express or implied, is on the party asserting it, and that party must prove each essential fact, including the existence of a mutual intention. *Cahn v. Foster & Marshall, Inc.*, 33 Wash.App. 838, 840 (1983).

In the present action, it is undisputed that Mr. Landberg and Trustee entered contract negotiations. Dkt. 15 at 5.  After Mr. Landberg submitted his initial offer to Trustee, Trustee rejected the offer and responded with a counteroffer.  *Id.* at 5-6.  Upon advice of his attorney, Mr. Landberg rejected the counteroffer.  *Id.* at 6.  The record shows that the contract negotiations ended at that point.  Mr. Landberg, who bears the burden of proving the contract existed, has not asserted any additional facts to show that any subsequent agreement was made between the parties.  Mr. Landberg instead concedes that he rejected the counteroffer.  *Id.*  Therefore, the parties neither signed nor verbally agreed to a contract.  In the absence of a contract, Mr. Landberg had no interest in the Vaughn property.

**b.     Quieting Title**

An order was entered by the Bankruptcy Court on April 11, 2005 approving the sale of the Vaughn property.  *In re: Kathleen L. Landberg*, No. 02-45306-PHB, Dkt. 113.  This order was not appealed and therefore Mr. Landberg, who was not a creditor of the estate, lacked standing to challenge any issue

concerning the sale of the property.

Courts have also created an additional prudential standing requirement in bankruptcy cases to avoid unnecessary delays in the proceedings. The appellant must be a "person aggrieved" by the bankruptcy court's order. *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334 (9th Cir.1985). An appellant is aggrieved if "directly and adversely affected pecuniarily by an order of the bankruptcy court." *In Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir.1983). In other words, the Bankruptcy Court's order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights. *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999).

Even if Mr. Landberg had timely appealed the order authorizing the sale of the Vaughn property, he would not have had standing to do so because his claim against the estate was disallowed because he was not a "person aggrieved." Mr. Landberg was not a creditor. Therefore, even if the sale was executed fraudulently or at a price lower than the property's fair market value, the sale of the Vaughn property did not diminish Mr. Landberg's property, increase his burden, or detrimentally affect his rights,.

**2.    Discovery**

Plaintiff alleges that the discrepancies in the depositions of Mike Esteb, realtor for the Vaughn property, and the deposition of Trustee require additional discovery. As discussed above, no material issues of fact remained concerning the sale of the Vaughn property. Further, Mr. Landberg did not have standing to challenge the sale of the Vaughn property. Therefore, further discovery is not required and the issue is moot.

**3.    Quieting title**

Mr. Landberg asserts that it was improper for the Bankruptcy court to quiet title and allow the sale of the Vaughn property in light of the conflicting testimony given by Trustee and Mr. Esteb at their respective depositions. As discussed above, the Court properly quieted the title to the property.

**4.    Coaching of Deposition Testimony**

Mr. Landberg alleges that Trustee's attorney coached his client during Trustee's deposition. As discussed above, no material issues of fact remained concerning the sale of the Vaughn property and Mr. Landberg did not have standing to challenge the sale of the Vaughn property. Even assuming Trustee was coached at his deposition, Mr. Landberg had no standing to challenge the sale of the Vaughn property.

Therefore, this issue is moot because any alleged coaching was immaterial to the outcome of the summary judgment.

**5.  Amended Judgment**

Mr. Landberg alleges that the Bankruptcy Court improperly signed a final order of summary judgment while this appeal was still pending.  However, when the notice of appeal was filed, other matters were still pending before the court.  One day prior to the filing of the notice of appeal, Trustee filed a notice of presentation of judgment.  A hearing on that issue was held on July 24, 2006 and the court adopted an amended judgment.  Although the appeal was already pending at the time of the amended judgment was entered, it was not improper for the Bankruptcy court to enter the amended judgment.  The only reason the amended judgment was entered after the notice of appeal was because Mr. Landberg prematurely filed his notice of appeal.

**6.  Conclusion**

Mr. Landberg's claims in the appeal are without merit.  The order and judgment of the Bankruptcy Court should be affirmed.

Therefore, it is hereby

**ORDERED** that the July 24, 2006 amended judgment entered by U.S. Bankruptcy Judge Phillip H. Brandt is **AFFIRMED**.  The appeal by Mr. Landberg is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of February, 2007.

Robert J. Bryan
United States District Judge